IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERRANCE PAUL MCABEE-BEY, | ) |
| Petitioner, | ) ) ) ) |
| v. | ) Civ. A. No. 17-1340-GMS ) |
| JOHN CERINO, Clerk of Court, et al, | ) ) ) |
| Respondents. | ) |

**MEMORANDUM**

## I. INTRODUCTION

Presently before the court is a petition for a writ of habeas corpus ("petition") filed by petitioner Terrance Paul McAbee Bey. (D.I. 1.) McAbee-Bey is a federal prisoner at the Big Spring Federal Correctional Institution in Big Spring, Texas. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ocator. He challenges his convictions for drug related crimes in the United States District Court for the District of South Dakota[1] on the ground that the District Court lacked jurisdiction to convict him because he is a "Moor of American descent." (D.I. 1 at 2, 10) Although McAbee-Bey does not the identify the authority under which he is pursuing habeas relief, the court presumes that he filed the petition pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241.

## II. DISCUSSION

A district court may summarily dismiss a federal prisoner's habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4 of the Rules Governing Section 2255 Cases in the United States

---

[1]*See McAbee v. United States*, Civ. A. No. 17-4090-KES, R&R (D. S.D. Sept. 18, 2017).

District Court, 28 U.S.C. foll. § 2255. A federal prisoner challenging the legality of his conviction or sentence must file a motion to vacate, correct, or modify a sentence pursuant to § 2255 in the sentencing court. *See* 28 U.S.C. § 2255(a); *Davis v. United States*, 417 U.S. 333, 343-44 (1974); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Conversely, a federal prisoner challenging his physical custody and the manner in which his sentence is being executed must file a petition for the writ of habeas corpus pursuant to § 2241 in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004); *United States v. Jack*, 774 F.2d 605, 607 n.1 (3d Cir. 1985)(a habeas corpus petition pursuant to § 2241 is appropriate in the district of confinement).

To the extent McAbee-Bey filed the instant petition pursuant to § 2255, the court does not have jurisdiction because he was not convicted or sentenced in the District of Delaware.[2] To the extent McAbee-Bey filed the instant petition pursuant to § 2241, the court does not have jurisdiction because he is not incarcerated within the District of Delaware. Thus, whether

---

[2]Moreover, McAbee-Bey's argument that the United States District Court for the District of South Dakota did not have jurisdiction to convict him because he is a Moorish citizen has no basis in law or fact. Regardless of McAbee-Bey's nationality or religion, he is subject to the laws of the jurisdiction in which he resides. *See, e.g., Jones-Bey v. Alabama*, 2014 WL 1233826, at *3 (N.D. Ala. Mar. 25, 2014)("There is no basis in the law for such a claim" that the State of Alabama did not have jurisdiction to prosecute and imprison petitioner based on his ancestry as a "Moorish American."); *Bey v. Bailey*, 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010)("the suggestion that Petitioner is entitled to ignore the laws of the State of New York by claiming membership in the Moorish-American nation is without merit and cannot be the basis for habeas relief."); *Caldwell v. Wood*, 2010 WL 5441670, at *17 (W.D.N.C. Dec.28, 2010) (in a § 2254 case, finding that petitioner's allegation of membership in the Moorish–American Nation which entitled him to ignore state laws was ludicrous); *United States v. Lee–El*, 2009 WL 4508565 (D.Kan. Nov.24, 2009) (collecting cases and finding that aliens in the United States, including aboriginal Moors and Moorish–Americans, must obey the laws of the United States).

construed as filed under § 2255 or § 2241, the case cannot proceed in this court.

### III. CONCLUSION

For the reasons set forth above, the court will summarily dismiss McAbee-Bey's petition for a writ of habeas corpus without issuing a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011). A separate order follows.

_Oct 20, 2017_
DATE

_____
UNITED STATES DISTRICT JUDGE